IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RONALD CORBITT<br>    Plaintiff,<br><br><br>CITY OF PHILADELPHIA POLICE OFFICER THOMAS HORNER, et al.,<br>    Defendants. | CIVIL ACTION<br><br>NO.   16-5450 |
|---|---|

MEMORANDUM RE: MOTION TO REMAND

Baylson, J.                                                                                      November 15, 2016

I.    Introduction and Background

On September 20, 2016, Plaintiff Ronald Corbitt ("Plaintiff") filed a complaint against Defendants Thomas Horner, Marco Lombardi and John Craig, both individually and in their capacities as police officers, in the Court of Common Pleas of Philadelphia County. (ECF 1, Notice of Removal). Plaintiff's complaint (ECF 1, Ex. A "Complaint" or "Compl.") arises out of an alleged physical altercation between himself and Defendants on the evening of July 14, 2014. (Compl. ¶ 6-11). The Complaint asserts the following five Counts, each arising exclusively under state law:

1) Assault and Battery;
2) Reckless Disregard for Safety;
3) Outrageous Conduct Causing Severe Emotional Distress;
4) Civil Conspiracy; and
5) False Arrest, False Imprisonment and Malicious Prosecution.

On October 18, 2016, defendants Thomas Horner and Mario Lombardi (the "Removing Defendants") timely removed the action to this Court alleging federal question jurisdiction, pursuant to 28 U.S.C. § 1331. The Removing Defendants contend in their Notice of Removal

1

that this Court "has original jurisdiction over this civil action" because, *inter alia*, "the facts plead support [f]ederal [c]ivil [r]ights claims."  (Notice of Removal ¶¶ 7, 9).

Plaintiff filed a Motion to Remand on October 19, 2016, (ECF 2, Pl.'s Mot. Remand "Pl.'s Mot"), to which the Removing Defendants filed an Opposition on November 2, 2016 (ECF 5, Defs.' Mot. in Opp'n to Pl.'s Mot. Remand "Defs.' Opp'n").

Because Removing Defendants have failed to meet their burden of showing that removal is proper, Plaintiff's Motion to Remand will be **GRANTED**, and this action will be remanded to state court.

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. The party "who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists[.]"  Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Ramos v. Quien, 631 F. Supp. 2d 601, 606 (E.D. Pa. 2008) (Baylson, J.) (quoting Boyer, 913 F.2d at 111). The removing defendant bears the heavy burden of persuading the Court to which the state action was removed that it has jurisdiction under the removal statutes.  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1974).

## III. Discussion

Plaintiff argues that this action must be remanded to state court because the well-pleaded Complaint does not present a federal question, and this Court does not have subject matter jurisdiction over his exclusively state law claims.  Plaintiff urges, in fact, that he "specifically and intentionally" did not allege "any claim under 42 U.S.C. § 1983 or any violation of his civil

rights under the Fourth, Fifth or Fourteenth Amendments to the United States Constitution." (Pl.'s Mot. at 1).

Removing Defendants, however, contend that Plaintiff has artfully pleaded his Complaint "in an attempt to 'disguise' a federal law claim as a state law claim," and that the Court is therefore "required to 'recharacterize' it accordingly, in order to uphold removal."[1] (Defs.' Opp'n at 5 (citations omitted)). Removing Defendants argue, in the alternative, that this case should be remanded to state court so long as Plaintiff enters into a binding stipulation with Removing Defendants in which he agrees not to "plead, assert or pursue" any federal claims. (Defs.' Opp'n at 7).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). It is often said that the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

Here, the parties do not meaningfully dispute that Plaintiff's well-pleaded Complaint does not, on its face, assert a federal cause of action.[2] (Pl.'s Mot. at 1; Defs.' Opp'n at 2 ("the Complaint is facially equivocal on whether claims are made strictly under state law.")).

---

[1] The Court presumes that Removing Defendants believe that Plaintiff's claims should be "recharacterized" as ones brought pursuant to 42 U.S.C. § 1983, which provides "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

[2] Removing Defendants' alternative request—that the Court remand the action on condition that Plaintiff stipulate that it will not, at a later time, assert federal claims against

3

A well-established corollary to the well-pleaded complaint rule, however, is the "artful pleading doctrine," under which "a court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim." Goepel v. Nat'l Postal Mail Handlers Union, 36 F.3d 306, 311 n.5 (3d Cir. 1994). The artful pleading doctrine permits removal if "(1) federal law has completely preempted the state law that serves as the basis for the plaintiff's complaint, or (2) a federal question, not pleaded in the plaintiff's complaint, is nonetheless both intrinsic and central to the plaintiff's cause of action." Caterpillar, 482 U.S. at 392 (quoting Guckin v. Nagle, 259 F. Supp. 2d 406, 410 (E.D. Pa. 2003)). Courts are instructed to invoke the artful pleading doctrine "only in limited circumstances[,] as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." Thibodeau, 2004 WL 2367828, at *4 (quoting Lippitt v. Raymond James Fin. Services, Inc., 340 F.3d 1033, 1041 (9th Cir. 2003)).

Removing Defendants, relying only on the second prong of the artful pleading doctrine, argue that the fact that Plaintiff's state law claims "are typically brought as alleged violations of one's Fourth, Fifth and Fourteenth Amendment protections" means that "Plaintiff's Complaint implicates significant federal issues[.]"[3] (Defs.' Opp'n at 6). In support, Removing Defendants argue that while Plaintiff argues, *inter alia*, that his "rights" were violated and that Defendants

---

them—also strikes the Court as a concession that the Complaint does not, on its face, *currently* include a federal cause of action.

[3] Removing Defendants' argument in favor of federal jurisdiction is primarily based on three paragraphs of Plaintiff's Complaint. (See Compl. ¶ 13 ("Subsequent to the unlawful assault, battery and **denial of plaintiffs' rights**, defendants prepared and caused to be prepared police paperwork intentionally misrepresenting the events that led to the assault and battery of Mr. Corbitt to cover up defendants' misconduct. These misrepresentations were intentional, malicious, in bad faith, deliberately indifferent and recklessly indifferent to **plaintiffs' rights**."); Id. ¶ 15 ("Defendants did not have reasonable or **probable cause or any lawful basis** to subject Mr. Corbitt to the use of force and detention."); Id. ¶ 21 ("The defendants acted willfully, deliberately, maliciously or with reckless disregard of Mr. Corbitt's **legal and statutory rights**.")).

"lacked reasonable or probable cause" to arrest him, "[n]ot once does Plaintiff identify the Pennsylvania Constitution as the sole source for these 'rights.'" (Defs.' Opp'n at 6 (emphasis in original)).

Removing Defendants' arguments must fail for several reasons.

First, by inviting the Court to draw a negative inference from Plaintiff's failure to "identify the Pennsylvania Constitution as the sole source for the[] 'rights'" he alleges to have been violated, Removing Defendants improperly shift the burden established in the context of motions to remand removed cases. (Defs.' Opp'n at 6). The law is clear that "it is the removing party's burden to demonstrate the existence of federal subject matter jurisdiction," Pena v. Town of Kearny, No. 13-cv-6644 (SRC), 2014 WL 1666052, at *2 (D.N.J. Apr. 25, 2014) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)), not Plaintiff's burden to affirmatively establish that his claims are exclusively encompassed by state law. Moreover, Removing Defendants offer no reason to conclude that the "rights" they allegedly violated were not "rights" the *state* statutes could, and were designed to, protect.

Also, and more critically, Removing Defendants fail to carry their burden of showing that removal was proper. Courts consistently reject as a valid basis for removal the fact that a plaintiff's claims, though facially devoid of a federal claim, are nonetheless *capable* of encompassing federal civil rights claims. See, e.g., Pena v. Town of Kearny, 2014 WL 1666052, at *2 ("[T]he fact that the Complaint could be read to state a § 1983 claim premised upon federal constitutional violations is not enough to overcome Plaintiffs obvious intention to bring a state civil rights lawsuit."); Alpha Fin. Mortg., Inc. v. Baugh, No. 09-cv-814, 2009 WL 3681858, at *3 (W.D. Pa. Nov. 3, 2009) (holding removal is not proper because "Plaintiffs have made clear

5

their intention to rely only on state law in pursuing this action" even though certain counts of the complaint "contain[] references to legal standard often implicated under Section 1983").

Ruchka v. Husfelt, No. 08-cv-779, 2008 WL 2682686, at *9 (W.D. Pa. Jul. 1 2008), which neither party discusses, is illustrative given the circumstances presented in this case. There, as here, the plaintiff filed a civil action alleging only state law claims against a police officer, which the defendant removed on the basis that the plaintiff's claims essential alleged "constitutional and civil rights violations." Id., at *1 (internal citations omitted). Rejecting the defendant's assertion, made by Removing Defendants here, that the "substantial federal question jurisdiction" prong of the artful pleading doctrine should apply, the court explained:

> Plaintiff[] [has] explicitly disavow[ed] reliance on [federal law] in stating her Pennsylvania common law claims . . . The fact that plaintiff's state common law causes of action *can* be claimed as violations of the [federal Constitution] does not mean that they *must* be. Pennsylvania's common law torts of false imprisonment, assault and battery, intentional and negligent use of force, and malicious prosecution existed long before [S]ection 1983 was enacted, and nothing in the language or history of that legislation suggests that Congress intended that any state claim that could possibly be pled as a federal civil rights claim must be so pled by a plaintiff. Defendant has failed to meet his burden of proving federal question jurisdiction, and, therefore, this case must be remanded[.]

Id. The reasoning articulated in Ruchka applies to this case with equal force. Plaintiff has made clear his intention only to pursue state law claims. Accordingly, Removing Defendants have failed to carry their heavy burden of showing that this action properly resides in federal court.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand will be **GRANTED**.

An appropriate Order follows.

O:\Jessica.2016\Corbitt v. City of Philadelphia, et al., 16-cv-5450\Memo Granting P's Motion for Remand.docx